*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 16, 2014

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

>     Re:    <u>United States of America v. Feng Ling Liu, et al.</u>
>            **12 Cr. 934 (RA)**

Dear Judge Abrams:

      The Government respectfully submits this letter in brief response to defense counsel's March 13, 2014 letter seeking, pursuant to Local Criminal Rule 23.1(c), to preclude the Government from "notifying media outlets of [the] trial's commencement." (Def. Ltr. at 1).

      The Government is aware of and will comply with Local Criminal Rule 23.1(c). Rule 23.1(c) provides, in relevant part, that:

> [d]uring a jury trial of any criminal matter . . . no lawyer or law
> firm associated with the prosecution or defense shall give or
> authorize any extrajudicial statement or interview relating ot the
> trial . . . if there is a substantial likelihood that [] dissemination [of
> that statement] will interfere with a fair trial; except that the lawyer
> or the law firm may quote from or refer without comment to public
> records of the Court in the case.

      Rule 23.1(c) clearly does not prohibit a general announcement that a trial is set to commence. The mere announcement of a trial schedule fits squarely into the Rule's explicit permission for attorneys to quote or refer, without comment, the public records of the Court. Because the trial date is reflected on the publicly available docket, any announcement by the parties of the trial's commencement is merely a reference without comment to the public records of the Court. The complete propriety of such an announcement is clearly demonstrated by the fact that the website for the United States District Court for the Southern District of New York itself publishes a weekly announcement of pending trials, including this one.

(http://www.nysd.uscourts.gov/events-exhibits.php).  Indeed, such public notice merely facilitates the First Amendment rights of the press and the public to attend criminal trials.

Defendants also claim that notifying the press about an upcoming trial is "especially [unfair] where the case has not been monitored by the press and the unsolicited contact is simply an invitation to draw sudden attention to the trial."  (Def. Ltr. at 1).  As Your Honor is aware, however, this case has already drawn media attention in both the English and Chinese language press.  See, e.g., Kirk Semple, Joseph Goldstein & Jeffrey E. Singer, Asylum Fraud in Chinatown: An Industry of Lies, N.Y. Times, February 22, 2014.  Notwithstanding counsel's suggestion that there has been some improper behavior by the Government, it is defendant David Miao who was quoted in the New York Times article about asylum fraud.  Indeed, during the recent related trial in United States v. Liying Lin, 12 Cr. 936 (RPP), the Government observed both David Miao and Feng Ling Liu speaking to reporters in the Court room.

## Conclusion

For the reasons set forth above, mere notification of the commencement of trial does not violate Local Rule 23.1(c) or impede the defendants' right to a fair trial and the defendants request to prevent such notification should be denied.

    Sincerely,

    PREET BHARARA
    United States Attorney

By:_____/s/_____
    Rebecca Mermelstein
    Patrick Egan
    Robert L. Boone
    Assistant United States Attorney
    Southern District of New York
    (212) 637-2360/2345/2208

Cc: all counsel